UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Guillermo Perez Rosales, Belkis
Vanessa Banegas Lainez, and Javier
Fernandez-Martinez, Individually on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

v.                                          Case No.  3:23-cv-407

ROCK SPRINGS LLC,                           FLSA COLLECTIVE
EAGLE HOME IMPROVEMENTS LLC,                ACTION/VOWA &
BROTHERS RC CONTRACTORS LLC, and           MISCLASSIFICATION CLASS
COWBOYS CONTRACTORS LLC,                    ACTION
                                            DEMAND FOR JURY TRIAL

                    Defendants.

## COMPLAINT

## INTRODUCTION

1.      This is a collective and class action suit for unpaid overtime and misclassification

under federal and state law. Plaintiffs Guillermo Perez Rosales ("Rosales"), Belkis Vanessa

Banegas Lainez ("Lainez"), and Javier Fernandez-Martinez ("Fernandez") (hereinafter

"Plaintiffs" or "Class Representatives") individually and on behalf of all others similarly situated

by and through their undersigned attorneys, bring this action against Rock Springs LLC ("Rock

Springs"), Eagle Home Improvements LLC ("Eagle"), Brothers RC Contractors LLC

("Brothers"), and Cowboys Contractors LLC ("Cowboys") (collectively "Defendants") for

failing to pay their employees in accordance with the Fair Labor Standards Act, Virginia

Overtime Wage Act; and misclassifying their employees as independent contractors in violation

of Virginia Misclassification Law.

1

2.      Wage theft has been a pervasive issue in the Commonwealth of Virginia, so much so that the General Assembly recently adopted statutes designed to compensate its victims and incentivize employers' compliance with the law. Worker misclassification is another form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers are denying their employees from receiving lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. A common form of misclassification and wage theft is through subcontractors who fail to follow federal and state wage/hour and misclassification laws. Defendants and their subcontractors have engaged in such conduct, the effect of which is to deny employees on their construction sites their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

3.      This complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out of work that Plaintiffs individually, and others similarly situated performed for the benefit and at the direction of the Defendants.

4.      Rosales and Fernandez bring their FLSA claims as collective actions on behalf of themselves and those similarly situated ("Plaintiffs and the Putative Collective Members") against Rock Springs, Eagle, Cowboys and Brothers. Rosales and Fernandez ask that if this case is not certified as a collective action that they be permitted to proceed individually with their claims.

5.      Rosales and Fernandez bring their Virginia Overtime Wage Act (VOWA) claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of

2

themselves and those similarly situated ("Plaintiffs and the Putative Class Members") against Rock Springs, Eagle, Cowboys and Brothers.

6.     Through this proceeding Plaintiffs and the Putative Class Members seek to recover damages associated with their misclassification pursuant to Va. Code § 40.1-28.7:7. These state law claims are brought as class actions under Rule 23 of the Federal Rules of Civil Procedure.

7.     Plaintiffs' Consents to join this lawsuit are attached hereto as Exhibit 1.

## JURISDCITION AND VENUE

8.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

9.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Richmond Division of the Eastern District of Virginia, and because Defendant Eagle's principal place of business is located in the Richmond Division.

10.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## PARTIES

11.     Plaintiffs and Putative Class/Collective Members performed labor in the Richmond, Virginia area within the last three years for the benefit of, and at the direction and under the supervision of, Rock Springs. Plaintiffs and Putative Collective Members were "employees" of Defendants as defined in the FLSA.

12.     Rosales is a resident of Virginia and was employed as a drywall finisher from October 11, 2022, to November 11, 2022, in Sandston, Virginia by Rock Springs, Eagle and Brothers.

13.     Lainez is a resident of Virginia and was employed as a drywall finisher from October 11, 2022, to November 4, 2022, in Sandston, Virginia by Rock Springs, Eagle and Brothers.

14.     Fernandez is a resident of Virginia and was employed as a drywall mechanic from February 15, 2023, to March 3, 2023, in Sandston, Virginia by Rock Springs, Cowboys and Brothers.

15.     Defendant Rock Springs LLC is a is a limited liability company with its principal office located in Kensington, Maryland. Rock Springs is authorized to transact business in Virginia and has a registered agent in Purcellville, Virginia.

16.     Defendant Brothers is a limited liability company with its principal office located in Stafford County, Virginia and acts as a Labor Broker for Rock Springs. As a Labor Broker for Rock Springs, Brothers provides Rock Springs with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Rock Springs is paid by the general contractors. Rock Springs pays its laborers through Brothers, with Rock Springs paying Brothers a flat hourly rate for each man hour that the laborer works.

17.     Defendant Eagle is a limited liability company with its principal office located in Chesterfield County, Virginia and acts as a Labor Broker for Rock Springs. As a Labor Broker for Rock Springs, Eagle provides laborers to perform the labor associated with the framing, drywall, and ceiling work for which Rock Springs is paid by the general contractors. Rock Springs pays a flat hourly rate for each man hour the laborer works to Brothers who then pays Eagle a portion of those funds and Eagle, in turn, pays a portion of the laborer's wages.

18.     Defendant Cowboys is a limited liability company with its principal office located in Stafford County, Virginia and acts as a Labor Broker for Rock Springs. As a Labor Broker for

Rock Springs, Cowboys provides laborers to perform the labor associated with the framing, drywall, and ceiling work for which Rock Springs is paid by the general contractors. Rock Springs pays a flat hourly rate for each man hour the laborer works to Brothers who then pays Cowboys a portion of those funds and Cowboys, in turn, pays a portion of the laborer's wages.

19.    Although Rosales, Fernandez and the Putative Class/Collective Members worked more than forty (40) hours for Defendants in one or more weeks, they received only flat rate, and not, overtime compensation as required by the FLSA and VOWA.

## FACTS

20.    Plaintiffs and the Putative Class/Collective Members, which includes drywall mechanics, drywall finishers and associated laborers, were individually hired to work for Defendants on the QTS construction project located at 6000 Technology Boulevard, Sandston, VA (the "Project").

21.    HITT was the general contractor responsible for the QTS construction project. HITT subcontracted some of its work on the Project to Defendants.

22.    Defendant Rock Springs is a sub-contractor who contracts with general contractors on specific projects such as this one.

23.    Rock Springs provided Plaintiffs and the Putative Class/Collective Members, with personal protective equipment including a hardhat with their logo, gloves, and glasses as well as badges that were emblazoned with Rock Springs.

24.    Rock Springs had a toolshed on site where they stored extension cords, electric sanders, safety harnesses, gloves, sanding machines and ladders for the Plaintiffs and the Putative Class/Collective Members to use. Rock Springs also supplied powder actuated fasteners, power tools, electric sanders, hammer drills, chop saws and screws, sponges, and

sanding blocks.

25.    Rock Springs also provided Plaintiffs and the Putative/Collective Class Members with access to scissor lifts to use in order to do their jobs.

26.    Plaintiffs and the Putative Class/Collective Members, were not required to bring tools or materials to the jobsite.  Rather they brought only their own drywall knife, pan and tray.

27.    Rock Springs also provided all construction materials, like framing, drywall, lumber, and other construction materials, necessary for Plaintiffs and the Putative Class/Collective Members to do the construction work required.

28.    Neither Plaintiffs nor the Putative Class/Collective Members were permitted to perform any work for Rock Springs without Rock Springs providing  safety personnel on the jobsite.  Said safety personnel would supervise and ensure all safety requirements were being met to Rock Springs' satisfaction.

29.    Rock Springs would host weekly safety meetings that Plaintiffs and the Putative Class/Collective Members were required to attend.

30.    Plaintiffs and the Putative Class/Collective Members were required to sign into the safety meetings and to sign a Rock Springs' "safety" sheet.

31.    Rock Springs contracted with Brothers, Eagle, and Cowboys "Labor Brokers" to provide laborers to perform the labor associated with the framing, drywall, and ceiling work for which Rock Springs was paid by HITT.

32.    Plaintiffs and the Putative Class/Collective Members, were laborers who performed such work for the benefit of Rock Springs on the Project.

33.    Rock Springs determined the nature, location, work hours, and extent of the construction work that Plaintiffs, and those similarly situated, were to perform each day and

delegated to the performance of tasks to Brothers, Cowboys and Eagle.

34.    Rosales and Lainez were employed to do drywall finishing for Rock Springs through Labor Brokers Eagle and Brothers.

35.    Fernandez was employed as a drywall mechanic for Rock Springs through Labor Brokers Brothers, and Cowboys.

36.    Plaintiffs and the Putative Class/Collective Members were contracted to receive $22.00 per hour.

37.    Plaintiffs and the Putative Class/Collective Members were paid by two checks – one check for $15.00 per hour from Brothers. Laborers received an additional check for $7.00 per hour from their applicable labor broker.  For example, drywall finishers were paid an additional check from Eagle for $7.00 per hour.  Whereas, drywall mechanics were paid an additional check from Cowboys for $7.00 per hour.

38.    The Brothers' check to Plaintiffs and the Putative Class/Collective Members would include Medicare and Social Security deductions.

39.    The second check from Eagle or Cowboys did not have any deductions taken out.

40.    Plaintiff Rosales regularly worked in excess of forty (40) hours per week, specifically he worked forty-six (46) hours a week.

41.    Plaintiff Fernandez worked two weeks, both of which were in excess of forty (40) hours.

42.    Plaintiff Lainez regularly worked thirty-six (36) hours per week.

43.    The Putative Class/Collective Members worked similar hours through their employment with Defendants, totaling more than forty (40) hours per week.

44.    Despite working more than forty (40) hours per week, Plaintiffs Rosales,

Fernandez and the Putative Class/Collective Members did not get paid their overtime at a time and a half rate for hours worked over forty (40).

45.     Plaintiffs were not employed in any bona fide executive, administrative, or professional capacity. The Putative Class/Collective Members were not employed in any bona fide executive, administrative, or professional capacity.

46.     Plaintiffs and the Putative Class/Collective Members performed blue collar, manual work.

47.     Based on the nature of the job duties of Plaintiffs and the Putative Collective Members, there is no FLSA exemption that applies to preclude them from being paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per week.

48.     For example: for the pay period of October 15, 2022 to October 21, 2022, Plaintiff Rosales worked forty-six (46) hours. He was paid in two checks. The first check was from Brothers for $678.78. The itemization shows that he was paid at a rate of $15.00 per hour for the first forty (40) hours. For the six (6) hours of overtime he received an overtime premium of $22.50 per hour, which totaled $735.00 before deductions. He paid $45.57 in social security and $10.65 in Medicaid deductions.  Exhibit 2.

49.     Rosales received a second check from Eagle for $322.00, at a pay rate of $7.00 per hour (46 hours x $7.00 = $322.00). This check did not include an overtime premium for hours worked in excess of forty (40) nor did it include any deductions. If Rosales was paid with an overtime premium for all hours worked in excess of forty (40), he would have received $343.00 ((40 hours x $7.00) + 6 hours x ($7.00 x 1.5) = $343.00). Rosales was not paid that $21.00 of overtime compensation for hours that he worked in excess of forty (40) hours.

50.    Collectively, for the week of October 15, 2022 to October 21, 2022, pre-deductions Rosales received a total of $1,057.00 for forty-six (46) hours of work on the Project for Rock Springs.  Rosales' regular rate was $22.00/hour.  This means he should have received a total of $1,078.00 ((40 hours x $22) ($22 x 1.5 x 6 hours of overtime)).

51.    Defendants knew Rosales, Fernandez and the Putative Class/Collective Members worked overtime hours without getting paid a proper overtime premium.

52.    For example: for the pay period of February 18, 2023 to February 24, 2023, Plaintiff Fernandez worked fifty (50) hours on the Project for Rock Springs. He was paid in two checks. The first check was from Brothers for $645.89. The itemization shows that he was paid at a rate of $15.00 per hour for the first forty (40) hours. For the 10 hours of overtime, he received $22.50 per hour, which totaled $825.00 before deductions. He paid $51.15 in social security, $11.96 in Medicaid deductions, $83.00 in federal tax withholding and $33.00 in state tax withholding.  Exhibit 3.

53.    Fernandez received a second check from Cowboys for $350.00, at a pay rate of $7.00 per hour (50 hours x $7.00 = $350.00). This check did not account to take out any deductions and included no overtime premium.

54.    Collectively, for the week of February 18, 2023 to February 24, 2023, pre-deductions and withholdings, Fernandez received a total of $1,175.00 for fifty (50) hours of work.  Fernandez' regular rate was $22.00/hour.  This means he should have received a total of $1,210.00 (40 hours x $22) ($22 x 1.5 x 10 hours of overtime).

55.    Defendants willfully violated the FLSA by knowingly failing to pay the full amount of overtime wages due.

56.    At all relevant times Defendants intended to deprive Rosales, Fernandez and the

Putative Class/Collective Members of the overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiffs and the Putative Class/Collective Members

57.    Defendants' violation of the FLSA rights of Rosales, Fernandez and the Putative Class/Collective Members is continuing and ongoing.

58.    Plaintiffs and the Putative Class/Collective Members would start their day by signing in at a parking lot using a mobile application called VERFICO, which tracked the Plaintiffs' hours.

59.    Rock Springs, Brothers, Cowboys and Eagle all tracked the hours worked.

60.    Rock Springs could hire and fire Plaintiffs and the Putative Class/Collective Members and could also delegate to Brothers, Cowboys and Eagle to hire and fire Plaintiffs and the Putative Class/Collective Members.

61.    Rock Springs and Brothers both employed foremen and supervisors on site.

62.    Plaintiffs and the Putative Class Members received a W2 from Brothers, but not from Eagle or Rock Springs.  The W2 did not include all wages earned.

63.    The economic reality of the relationship between the Defendants and Plaintiffs, and the Putative Class/Collective Members, is that of an employment relationship. Plaintiffs, and those similarly situated, are, and have been, misclassified as Independent Contractors by Rock Springs, Eagle and Cowboys. Indeed, they received a W2 for only part of their wages earned from Brothers. For example:

        a.    Defendants closely monitor and direct the day-to-day operation of Plaintiffs and the Putative Class/Collective Members. Plaintiffs and the Putative Class/Collective Members have no discretion over their duties, responsibilities and daily tasks.

    b.   Defendants retain the right to assign laborers to specific jobs and aspects of those jobs.

    c.   Defendants determine the rates charged to contractor HIIT.

    d.   Defendants determine the amounts paid to Plaintiffs and the Putative Class/Collective Members.

    e.   Defendants control all aspects of the availability for profit.

    f.   Defendants have massive oversight as to actual conduct of the work to be performed such as requiring safety equipment, specific tools and practices of the trade.

64.    Rock Springs is/was the employer or a joint employer of the current Plaintiffs and the Putative Class/Collective Members, and the Plaintiffs and the Putative Class/Collective Members are and were employees of Rock Springs.

65.    Rock Springs and the Labor Brokers jointly employ Plaintiffs and the Putative Class/Collective Members.

66.    The Labor Brokers are/were employers or joint employers of Plaintiffs and the Putative Class/Collective Members because they pay or paid Plaintiffs and the Putative Class/Collective Members for the work they performed on the QTS project.

67.    Rock Springs and the Labor Brokers are joint employers of Plaintiffs and the Putative Class/Collective Members because, among other reasons, Rock Springs and the Labor Brokers jointly determine, share, or allocate the power to:

    a.   direct, control, or supervise the Plaintiffs and the Putative Class Members;

    b.   hire or fire the Plaintiffs and the Putative Class Members; and

      c.    modify the terms or conditions of the Plaintiffs and the Putative Class/Collective Members' employment.

68.    In addition, Rock Springs and the Labor Brokers are joint employers of Plaintiffs and the Putative Class/Collective Members because, among other reasons, Rock Springs and the Labor Brokers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; or providing the equipment, tools, or materials necessary to complete the work. For example, Rock Springs provides heavy tools, equipment and all materials for Plaintiffs and the Putative Class/Collective Members to complete the work. Labor Brokers administer the payments to the Plaintiffs and the Putative Class/Collective Members for their work. Rock Springs provided foremen and safety supervisors on site.

69.    Defendants willfully violated the FLSA by knowingly failing to pay overtime.

70.    At all relevant times the Defendants intended to deprive Plaintiffs and the Putative Class/Collective Members of overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiffs and the Putative Class/Collective Members.

71.    The Defendants' violations of the FLSA and Virginia law rights of the Plaintiffs and the Putative Class/Collective Members is continuing and ongoing.

## Collective Action Allegations for FLSA Claims

72.    Plaintiffs Rosales and Fernandez file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.

73.    For purposes of the collective claims, Plaintiffs Rosales and Fernandez bring their FLSA claims on behalf of themselves and all past and present laborers of Rock Springs who, within the three years prior to filing, were hired through Labor Brokers to provide framing,

drywall, ceiling, and similar construction labor for the benefit of Rock Springs and who worked more than forty (40) hours per week and were not paid a full overtime premium for hours worked over forty (40).

74.    Plaintiffs Rosales and Fernandez are aware of other laborers who are similarly situated. Plaintiffs estimate that there are between sixty to one-hundred (60-100) laborers who fit the definition above.

75.    Plaintiffs Rosales and Fernandez believe and herein allege that the Labor Brokers have been used by Rock Springs within the past three years, and continuing, as part of a common plan or scheme to avoid paying overtime wages on construction projects.

76.    Upon information and belief, these Plaintiffs and the Putative Collective Members were paid, and continue to be paid, under a similar pay scheme which deprived them of overtime pay.

77.    Upon information and belief, these laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

78.    Upon information and belief, Rock Springs and the Labor Brokers compensated, and continue to compensate, those similarly situated to Rosales and Fernandez on a uniform compensation basis.

79.    Rock Springs' policy of using Labor Brokers to avoid paying overtime amounts to a willful or reckless disregard of its employees' rights under the FLSA.

80.    The Labor Brokers' policy of not paying the entire overtime owed amounted to a willful or reckless disregard of the employees' rights under the FLSA.

81.    Defendants had no good faith basis to believe that these employees were not entitled to overtime under the FLSA.

82.    Plaintiffs Rosales and Fernandez assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs individually and the Putative Collective Members to the application of the three (3) year limitations period.

83.    At all relevant times, Plaintiffs and and the Putative Collective Members have been entitled to the rights, protections, and benefits provided under the FLSA.

**Class Action Allegations**

**A.    Class Definition**

84.    Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code §§ 40.1-28.7:7, 40.1-29, and 40.1-29.2, individually and on behalf of classes of current and former laborers who worked on the QTS project for Defendants:

      a.    During any time since July 1, 2021, were misclassified as independent contractors and were paid by Rock Springs and Eagle and worked within Virginia.

      b.    During any time since July 1, 2021, were misclassified as independent contractors and were paid by Rock Springs and Cowboys and worked within Virginia.

      c.    During any time since July 1, 2021, were assigned and/or worked within Virginia and who worked more than forty (40) hours in a workweek without receiving full overtime compensation.

85.    On information and belief, Plaintiffs and all others similarly situated were made to assent to the same pay scheme, the same [mis]classification as an Independent Contractor, and the same work requirements.

**B.     Efficiency of Class Prosecution of Common Claims**

86.     Certification of current and former laborers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Plaintiffs and the Putative Class Members. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

**C.     Numerosity and Impracticality of Joinder**

87.     On information and belief, the class which the Class Representatives seek to represent is sixty to one-hundred (60-100) individuals such that joinder is impracticable.

**D.     Common Questions of Law and Fact**

88.     Defendants' use of laborers and the propriety of their pay scheme(s) and classification of laborers presents common issues of fact in this matter. Moreover, the challenged pay and classification practices apply uniformly and present identical questions of law and fact with respect to the Class Representatives and those whom they seek to represent.

**E.     Typicality of Claims and Relief Sought**

89.     The claims of the Class Representatives are typical of those of the class members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by the Class Representatives for unpaid overtime wages and misclassification compensation is also typical of the relief which is sought on behalf of the proposed subclasses.

**F.     Adequacy of Representation**

90.     Plaintiffs are adequate class representatives for all classes. Their interests are co-extensive with those of the members of the proposed classes they seek to represent.

Additionally, there is substantial overlap amongst the membership of the subclasses. Plaintiffs have an intimate knowledge of their duties and the Defendants' pay practices. They are committed to being representatives of the class and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G.     Rule 23(B)(3) Requirements

91.     Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of the nonpayment of full overtime wages, as well as Defendants' practice of treating their laborers as independent contractors.  Such policies and practices are applicable to all class members.

92.     A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiffs' would clog the Court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

93.     The Putative Class Members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized contractual compensation practices and their recovery in either an individual or class action will be based on the amount of wages, overtime compensation, or other damages that each Plaintiff has been denied by Defendants.

94.     The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members within the Commonwealth of Virginia.

95.     It is desirable to concentrate the claims in this forum because the employment practices complained with respect to the Class Representatives occurred in this forum.

96.     Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

**COUNT I**

**Violation of the FLSA: Failure to Pay Overtime Compensation**

**(Collective Action by Rosales and Fernandez, and Putative Collective Members, against all Defendants)**

97.     This count arises from Defendants Rock Springs, Brothers, Eagle and Cowboys' violation of the FLSA by failing to pay the correct overtime to Rosales and Fernandez and the Putative Collective Members when they worked over forty (40) hours in individual workweeks.

98.     Rosales, Fernandez and the Putative Collective Members were not exempt from the overtime provisions of the FLSA.

99.     Rosales, Fernandez, and the Putative Collective Members were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

100.    Defendants paid Rosales and Fernandez, and the Putative Collective Members overtime compensation on only part of their wages earned.

101.    Defendants violated the FLSA by failing to pay the full amount of overtime to Rosales, Fernandez and the Putative Collective Members, at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

102.    Defendants' failure to pay Rosales, Fernandez and the Putative Collective Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a

workweek was willful.

## COUNT II

### Misclassification of Workers: Violation of Va. Code § 40.1-28.7:7

### (Class Action by Rosales and Lainez and similarly situated laborers against Rock Springs and Eagle)

103.    Va. Code § 40.1-28.7:7 permits misclassified workers to bring an action for damages against violating employers.

104.    Plaintiffs Rosales and Lainez, and others similarly situated, performed drywall finishing and associated tasks for Rock Springs and Eagle for renumeration.

105.    Plaintiffs Rosales and Lainez, and others similarly situated, were misclassified as independent contractors by Rock Springs and Eagle despite not meeting the "Internal Revenue Service guidelines" for evaluating independent contractor status.

106.    Plaintiffs Rosales and Lainez, and others similarly situated, are entitled to damages caused by such misclassification, including wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, and impermissible chargebacks or deductions or other compensation lost, plus reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT III

### Misclassification of Workers: Violation of Va. Code § 40.1-28.7:7

### (Class Action by Fernandez and similarly situated laborers against Rock Springs and Cowboys)

107.    Va. Code § 40.1-28.7:7 permits misclassified workers to bring an action for

18

damages against violating employers.

108.    Plaintiff Fernandez, and other similarly situated drywall mechanics, performed drywall framing and associated tasks for Cowboys for renumeration.

109.    Plaintiff Fernandez, and others similarly situated, were misclassified as independent contractors by Cowboys despite not meeting the "Internal Revenue Service guidelines" for evaluating independent contractor status.

110.    Plaintiff Fernandez, and others similarly situated, are entitled to damages caused by such misclassification, including wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, and impermissible chargebacks or deductions or other compensation lost, plus reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT IV

### Failure to Pay Overtime under VOWA: Violation of Va. Code § 40.1-29.2
### (Class Action by Rosales and Fernandez and those similarly situated against all Defendants)

111.    Defendants have knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime to Rosales, Fernandez and the Putative Class Members when they worked over forty (40) hours in individual workweeks.

112.    Rosales, Fernandez, and all others similarly situated, were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

113.    Rosales, Fernandez, and the Putative Class Members, are and were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

114.    Defendants paid Rosales and Fernandez, and others similarly situated, only a

portion of their overtime compensation.

115.    Defendants violated Va. Code § 40.1-29.2 by failing to pay overtime to Rosales, Fernandez and others similarly situated, at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

116.    Defendants' failure to pay Rosales, Fernandez and the Putative Class Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful or knowing.

117.    Rosales and Fernandez bring this action on behalf of the class for all violations alleged herein commencing July 1, 2021, and ongoing.

118.    Pursuant to Va. Code §§ 40.1-29(J) and 40.1-29.2, in effect from July 1, 2021 to June 30, 2022, Rosales, Fernandez and others similarly situated are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorneys fees.  Further, Defendants' violation was a "knowing" one thus entitling Rosales, Fernandez and others similarly situated to recovery of triple damages.

## **Relief Requested**

Wherefore, Plaintiffs request the following Relief against Defendants, individually, collectively, jointly, and severally:

a.    An order conditionally certifying a group or groups of Putative Collective Action Members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

b.    Certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

20

c.  Judgment against all Defendants for violations of the overtime provisions of the FLSA and VOWA;

d.  All unpaid wages and overtime damages due to Plaintiffs and Members of the FLSA Collective and the state law class action claims;

e.  All unpaid wages, salary, or benefits due to the Class as result of Defendants Eagle and Brothers (Count II) and Cowboys' (Count III) misclassification scheme pursuant to Va. Code § 40.1-28.7:7;

f.  Judgment that Defendant's violations of overtime laws were willful;

g.  Liquidated damages equal to the unpaid overtime and/or unpaid wage compensation due under FLSA and VOWA;

h.  Treble damages under Va. Code § 40.1-29(J) for all claims where such relief is available;

i.  Pre-judgment and post-judgment interest;

j.  Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

k.  Leave to amend to bring additional claims and/or parties, including but not limited to allowing all named and opt-in Plaintiffs to proceed with their individual claims should this case not proceed as a collective or class action for any reason; and

l.  Any and all further relief permissible by law.

**<u>Demand for Jury Trial</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY JURY for all claims and issues so triable.

Dated:   June 23, 2023                    Respectfully submitted,
                                          Guillermo Perez Rosales, Belkis Vanessa Banegas
                                          Lainez, and Javier Fernandez-Martinez,
                                          Individually on behalf of all others similarly
                                          situated,

                                          Plaintiffs


                                          By: _/s/_ Zev H. Antell_____
                                          Craig Juraj Curwood (VSB No. 43975)
                                          Zev H. Antell (VSB No. 74634)
                                          Samantha R. Galina (VSB No. 96981)
                                          Butler Curwood, PLC
                                          140 Virginia Street, Suite 302
                                          Richmond, VA 23219
                                          Telephone: (804) 648-4848
                                          Fax: (804) 237-0413
                                          Email: craig@butlercurwood.com
                                                 zev@butlercurwood.com
                                                 samantha@butlercurwood.com

                                          *Attorneys for Plaintiffs*